IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN REEVES, | : | |
| | : | |
| Petitioner. | : | CIVIL ACTION NO. 14-5436 |
| | : | |
| v. | : | |
| | : | |
| THE ATTORNEY GENERAL OF_____, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

**AND NOW**, this 16th day of September, 2015, after considering the petition for writ of habeas corpus filed by the petitioner (Doc. No. 1), the response to the petition filed by the government (Doc. No. 10), the document entitled "Petitioner's Motion In Response To Respondents Motion" filed by the petitioner, which the court construes as a reply to the government's response (Doc. No. 11), the state-court record, and the report and recommendation filed by United States Magistrate Judge Linda K. Caracappa (Doc. No. 14); and no party having filed objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The report and recommendation (Doc. No. 14) is **APPROVED** and **ADOPTED**;[1]

2. The petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

3. A certificate of appealability **SHALL NOT** issue; and

4. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] A resolution of the interplay between two standards of review disposes of this petition. The more immediate of the standards mandates that where, as here, a report and recommendation is unaccompanied by objections, the district court "need only review the record for plain error or manifest injustice." *Pereira v. Wingard*, No. 5:14-CV-6582, 2015 WL 4404920, at *1 (E.D. Pa. July 15, 2015) (internal quotation marks and citations omitted). The second, yet equally important standard, requires a federal court sitting in *habeas* review of state-court adjudications to gauge the amount of deference owed those adjudications based, at least in part, on whether the petitioner obtained a merits determination on his or her claims in state court. *See Moore v. DiGuglielmo*, 489 F. App'x 618, 624 (3d Cir. 2012) (stating that "[i]n order for § 2254(d) deference to apply, the state court must have adjudicated petitioner's claim on the merits"). Given the current condition of the state-court record, it is not obvious as to how that interplay is resolved. The court briefly supplements the instant report and recommendation to make its resolution more apparent.

      Because Judge Caracappa applied § 2254(d) deference to each of the petitioner's federal *habeas* claims in the face of a difficult state-court record, the crux of any plain-error analysis turns largely on whether the petitioner's claims can be said to have been "adjudicated on the merits" in state court within the meaning of § 2254(d). Two propositions of law guide this analysis. "When a state court rejects a federal claim without expressly addressing that claim, a federal *habeas* court must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) (emphasis added). Further, § 2254(d) deference "applies to any claim that has been adjudicated on the merits in any state court proceeding, which can occur at any level of state court as long as the state court's resolution has preclusive effect." *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 545 (3d Cir. 2014) (internal quotation marks and citation omitted). Read together, these two propositions suggest that a claim is adjudicated on the merits for purposes of § 2254(d) deference if there is a merits determination of the claim within the state system (and it is viewing the state trial and appellate courts as an integrated unit that is the key) that is not explicitly disturbed by a higher court. That is exactly this case. Each federal *habeas* claim received an intact merits determination in state court and Judge Caracappa therefore did not err in applying § 2254(d) deference. And even if this disposition slightly overstates the current state of the law, such an error would not be plain and the court would still adopt the report and recommendation.